Wochner v. Johnson 
















IN THE
TENTH COURT OF APPEALS
 

No. 10-93-051-CV

     GENE WOCHNER, INDIVIDUALLY AND
     AS NEXT FRIEND OF BRYAN WOCHNER,
                                                                                              Appellant
     v.

     TROY AND GERLENE JOHNSON AND SAM D.
     SATTERWHITE, INDIVIDUALLY AND D/B/A
     SATTERWHITE LOG HOMES,
                                                                                              Appellees
 

From the 13th District Court
Navarro County, Texas
Trial Court # 92-00-01564-CV
                                                                                                    

O P I N I O N
                                                                                                    

      Gene Wochner appeals the granting of a summary judgment in favor of Troy and Gerlene
Johnson and Sam D. Satterwhite, doing business as Satterwhite Log Homes. We will dismiss the
appeal for want of jurisdiction.
      In January 1992 Wochner filed suit on behalf of himself and his minor son to recover damages
for the wrongful death of his wife, Imogene Wochner. On February 12, 1990, Imogene and her
three-year-old son, Bryan, were visiting her twin sister, Gerlene, in the Johnson's log home. The
home was built by the Johnsons from plans and lumber purchased from Satterwhite Log Homes. 
After helping Gerlene move a couch from the second floor to the first floor of the log house,
Imogene turned to get Bryan, who was on the second floor. Gerlene was walking toward the
kitchen when she heard a noise. She turned around to find Imogene lying still between the foot
of the stairs and the front door and Bryan sitting on the top step of the stairs. Imogene, who never
regained consciousness, died on February 21, 1990.
      On August 28, 1992, the Johnsons filed a motion for summary judgment asserting that, as a
matter of law, they did not breach a duty owed to Imogene and that there was no evidence that her
injuries were proximately caused by a breach of that duty or a defect in the stairs. On September
10, 1992, Satterwhite also filed a motion for summary judgment on Wochner's negligence causes
of action. Specifically, Satterwhite asserted that Wochner failed to establish that Satterwhite had
a duty to Imogene because the plans sold to the Johnsons contained no specifications for the
staircase and that there was no issue of material fact on proximate cause. However, Wochner's
amended petition, filed on February 16, 1993, also asserts a strict-liability cause of action, alleging
that Satterwhite's failure to warn the purchasers of its plans that the stairs could be dangerous if
not constructed properly and his failure to instruct builders on the proper construction of the stairs
were producing causes of Wochner's injuries.
      On February 22, 1993, the court held a hearing on both motions for summary judgment. A
"Final Judgment" was signed by the trial court on March 2, 1993. The judgment granted by the
court disposed of all causes of action except the strict-liability cause of action against Satterwhite. 
A summary judgment that fails to dispose expressly of all parties and issues in the pending suit is
interlocutory and not appealable unless a severance of that phase of the case is ordered by the trial
court; in the absence of an order of severance, the party against whom an interlocutory summary
judgment has been rendered has his right of appeal when, and not before, the partial summary
judgment is merged in a final judgment disposing of all parties and issues.



      Although the court's final judgment stated that "all relief not specifically granted in this order
be, and is hereby, denied," such a "Mother Hubbard" provision does not convert an intrinsically
interlocutory summary judgment into a final appealable judgment disposing of claims concerning
which no motion for summary judgment has been filed.


 Because Satterwhite did not move for
summary judgment on Wochner's strict-liability cause of action, the summary judgment disposes
of only the negligence causes of action and is, therefore, interlocutory. As a result, we are
without jurisdiction to consider Wochner's points of error.
      The appeal is dismissed.
 
                                                                                 BOBBY L. CUMMINGS
                                                                                 Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Dismissed
Opinion delivered and filed September 1, 1993
Do not publish



 serif">      Justice Vance, and
      Justice Gray
Reversed and remanded
Opinion delivered and filed May 16, 2001
Do not publish